UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================================

MT. HAWLEY INSURANCE COMPANY,

                Plaintiff,        Civ. Action No.: _____

v.

NORTH EXPRESSWAY STATION INC.,    **COMPLAINT**
GIANT JACKSONVILLE, LLC, and
GIANT OIL, INC.,

                Defendants.

========================================

    Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by and through its attorneys, Delahunt Law PLLC, for its Complaint herein alleges upon information and belief:

### Jurisdiction, Parties, and Venue

    1.    This is an action for, in part, declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks a declaratory judgment that it has no duty to defend or indemnify defendants North Expressway Station Inc. ("North Expressway"), Giant Jacksonville, LLC ("Giant Jacksonville"), or Giant Oil, Inc. ("Giant Oil") for the action captioned <u>Jarris A. Andrews, an individual v. North Expressway Station, Inc., a Florida profit corporation, Giant Jacksonville, LLC, a Florida limited liability company, and Giant Oil, Inc. a Florida profit corporation</u> (Florida Circuit Court, Fourth Judicial Circuit, Duval County ("the <u>Andrews</u> Action"), claims by additional alleged victims Bruce Wilson ("Wilson") and Santoun Young ("Young"), and any additional claims arising from a December 4, 2023 shooting incident on or about the premises at 814 Edgewood Avenue West, Jacksonville, Florida.

    2.    Mt. Hawley is an Illinois corporation with its principal place of business in Illinois.

    3.    At all relevant times, Mt. Hawley was engaged in certain insurance business in New

York State on an excess and surplus lines basis.

4. At all relevant times, North Expressway was a Florida corporation with its principal place of business in Florida.

5. At all relevant times, Giant Jacksonville was a Florida limited liability company with its principal place of business in Florida.

6. Upon information and belief, Giant Jacksonville's sole member is Basem Ali, a natural person and a citizen of Florida.

7. At all relevant times, Giant Oil was a Florida corporation with its principal place of business in Florida.

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

9. Defendants are subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

10. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3).

**Facts**

11. At all relevant times, North Expressway operated a "BP" gas station and convenience store located at 814 Edgewood Avenue West, Jacksonville, Florida ("the Business Premises").

12. North Expressway leased the Business Premises from Giant Jacksonville under a "Lease Agreement (Florida)" that expired by its own terms on January 31, 2014. A true and correct copy of the expired lease is attached hereto as **Exhibit 1**.

13. Upon information and belief, Giant Oil is a corporate parent or an otherwise

affiliated company of Giant Jacksonville.

14. On December 4, 2023, multiple natural persons present on the Business Premises were shot by unknown assailants.

15. Upon information and belief, the individuals allegedly injured in the shooting incident are Wilson, Young, and Jarris A. Andrews ("Andrews").

16. Upon information and belief, Wilson died from his injuries.

17. As of the date of this Complaint, the personal representative of Wilson's estate has made a claim against North Expressway for compensation for Wilson's alleged injuries and death. A true and correct copy of a letter of representation from counsel for the estate's personal representative to North Expressway is attached hereto as **Exhibit 2**.

18. On or about October 7, 2024, the Andrews Action was commenced. A true and correct copy of the Complaint in the Andrews Action is attached hereto as **Exhibit 3**.

19. The Andrews Action complaint alleges, in part:

> 7. At all times material, North Expressway Station operated a convenience store and BP-branded gas station (the "Store"), on property located at 814 Edgewood Avenue West, Jacksonville, FL 32208 (the "Premises).
>
> 8. At all times material, Giant Jax and Giant Oil owned the Premises[.]
>
> 9. At all times material, North Expressway Station leased the Premises from Giant Jax and Giant Oil.
>
> 10. At all times material, Giant Oil, Giant Jax, and/or North Expressway Station had a license to operate the Store at the Premises as a BP gas station.
>
> 11. On December 4, 2023, Plaintiff was lawfully on the Premises.
>
> 12. While on the Premises, Plaintiff was shot and severely injured by a person or persons who have not yet been

identified and remain at large in the community.

20. The <u>Andrews</u> Action complaint alleges, *inter alia*, "Defendants breached their duty of care to provide a reasonably safe Premises to its invitees and guests. . ."

21. The <u>Andrews</u> Action complaint asserts causes of action for negligence against North Expressway, Giant Jacksonville, and Giant Oil.

22. On or about April 18, 2025, Giant Jacksonville filed cross-claims against North Expressway in the <u>Andrews</u> Action, including claims for contractual indemnification and common-law indemnification. A true and correct copy of Defendant, Giant Jacksonville, LLC's Answer & Affirmative Defenses and Crossclaim in the <u>Andrews</u> Action is attached hereto as **Exhibit 4**.

23. Mt. Hawley issued North Expressway a policy including commercial general liability coverage (No. GGL0034336) for the period May 9, 2023 to May 29, 2024 (the "Mt. Hawley Policy"). Subject to all of its terms and conditions, the Mt. Hawley Policy includes bodily injury liability coverage subject to a $1 million per-occurrence limit. A certified copy of the Mt. Hawley policy is attached as **Exhibit 5**.

24. The Mt. Hawley policy is subject to the Assault or Battery Exclusion – Scheduled, which states, in part:

> **Assault Or Battery**
>
> **A.** This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused by, arising out of, based upon or relating in any way to any actual or threatened "assault or battery" or any act or omission in connection with prevention, suppression, termination, or investigation of such "assault or battery". This insurance also does not apply to any other "bodily injury", "property damage", or "personal and advertising injury" alleged in any claim or "suit" that also alleges "assault or battery".

This exclusion applies:

**(1)** To any loss, cost or expense arising out of, based upon or relating in any way to an "assault or battery";

**(2)** Regardless of degree of culpability, intent or negligence;

**(3)** Even if any insured or any insured's agents, "employees", officers, directors, partners, "volunteer workers" or patrons are alleged to have caused or directed the "assault or battery";

**(4)** To acts or omissions of others for whom any insured is allegedly or actually legally responsible;

**(5)** To claims against any insured alleging negligence or other wrongdoing in the hiring, placement, training, retention, employment, monitoring or supervision of others by that insured;

**(6)** To any claim or "suit" alleging failure to provide proper security or safe premises to any person injured in an "assault or battery";

**(7)** No matter what person or entity is involved in, participates in, is the victim of, causes or incites the "assault or battery";

**(8)** Regardless of who is seeking recovery or asserting rights arising out of, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an "assault or battery";

**(9)** Even if the person or entity is seeking any recovery – including for emotional distress, loss of society, services, consortium and/or income, reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) – arising out of, caused or contributed to by, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an "assault or battery"; or

**(10)** To any claim, "suit", loss, cost, or expense for contribution or indemnification arising out of

an "assault or battery".

25. The exclusion further states, in part, "[t]his endorsement applies only to 'bodily injury', 'property damage', or 'personal and advertising injury' that occurs at the locations shown in the Schedule above or the grounds and structures appurtenant to those locations."

26. The exclusion's Schedule states, in part, "the Schedule in this endorsement shall refer to all locations covered under this policy."

27. The Business Premises is a Covered Location under the Mt. Hawley Policy.

28. The Mt. Hawley policy is subject to the Abuse or Molestation Exclusion, which states:

**Abuse Or Molestation**

**A.** This insurance does not apply to, nor is there a duty to defend, any claim or "suit" seeking damages or injunctive relief because of "bodily injury", "property damage" or "personal and advertising injury", directly or indirectly, in any way: (i) arising out of; (ii) involving; (iii) relating to; or (iv) in connection with, any of the following:

**(1)** "Abuse or molestation"; or

**(2)** Any allegation of negligent or intentional:

**(a)** Hiring;

**(b)** Employment;

**(c)** Investigation;

**(d)** Supervision;

**(e)** Reporting to the proper authorities, or failure to so report; or

**(f)** Retention

of a person who is alleged to have committed "abuse or molestation" or of any entity that is alleged to be

      responsible for "abuse or molestation," and for which any insured is alleged to be legally responsible; or

   **(3)** Any allegation of breach of fiduciary duty in any way associated with "abuse or molestation"; or

   **(4)** Any allegation of defamation made by a person or entity seeking damages in any way related, directly or indirectly, to "abuse or molestation".

 **B.** For purposes of this endorsement, the following definition applies:

  "Abuse or molestation" means:

   **(1)** Any actual, alleged, threatened, negligent, or intentional:

    **(a)** Physical abuse, attack, or molestation; or

    **(b)** Sexual abuse, attack, touching, misconduct, or molestation; or

    **(c)** Indecent exposure; or

    **(d)** Sexting or transmitting of any sexual images or content by any electronic, digital, or telecommunication means; or

    **(e)** Verbal abuse or bullying.

   **(2)** Any actual, alleged, negligent, intentional or perceived undue influence or coercion in connection with conduct described in paragraph **(1)(a)** through **(e)** of this definition.

29.  North Expressway has made demand on Mt. Hawley to defend and indemnify North Expressway under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and other claims arising from the December 4, 2023 shooting incident.

30.  On April 15, 2024, Mt. Hawley issued a letter to North Expressway addressing coverage under the Mt. Hawley Policy in connection with the December 4, 2023 shooting incident

and claims arising therefrom.  A true and correct copy of the April 15, 2024 letter is attached hereto as **Exhibit 6**.

    31.    The April 15, 2024 letter states, in part:

> The policy contains the Assault or Battery Exclusion which precludes coverage for "bodily injury" caused by, arising out of, based upon or relating in any way to any actual or threatened "assault or battery" or any act or omission in connection with prevention, suppression, termination, or investigation of such "assault or battery". This exclusion applies to any claims alleging failure to provide proper security or safe premises to any person injured in an "assault or battery". "Assault or battery" as defined in this exclusion means harmful, unlawful or offensive contact upon a person or persons. The claims involve the shooting of three individuals.  Accordingly, it . . . appears that the Assault or Battery Exclusion precludes coverage for these claims.
>
> The policy has the Abuse or Molestation Exclusion which eliminates coverage for any claim or "suit" for "abuse or molestation", defined in part by the policy as any actual, alleged, threatened, negligent, or intentional physical abuse, attack, or molestation. Mt. Hawley has no coverage obligation for any claim for "abuse or molestation" and reserves its rights on this basis.
>
> \* \* \*
>
> The coverage position taken in this correspondence is based on the information available to us at the present time.  There could be other reasons why coverage does not apply.  As such, this letter should not be construed as an exhaustive list of all the defenses available to us nor shall it be construed as waiving any of our rights under the policy or applicable law to limit and/or deny coverage. Mt. Hawley reserves the right to rely on any additional facts, policy provisions, or other relevant information that may affect coverage to alter its position in the future.  We do not waive our right to disclaim coverage for any valid reason that now exists or may later become apparent. Mt. Hawley specifically reserves the right to bring an action in an appropriate state or federal court of competent jurisdiction and venue in order to limit, obtain a declaration, or interplead, to enforce the limitations mentioned herein and declare the obligations and responsibilities of the parties hereto under the contract of insurance.

    32.    There is no duty to defend or indemnify North Expressway under the Mt. Hawley

Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

33. There is no duty to defend or indemnify North Expressway under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

34. The Mt. Hawley Policy is subject to the Additional Insured – Managers or Lessors of Premises endorsement, which states, in part:

> A. **Section II – Who Is An Insured** is amended to include as an additional insured the person(s) or organization(s) shown in the Schedule, but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule and subject to the following additional exclusions:
>
> This insurance does not apply to:
>
> 1. Any "occurrence" which takes place after you cease to be a tenant in that premises.
>
> 2. Structural alterations, new construction or demolition operations performed by or on behalf of the person(s) or organization(s) shown in the Schedule.

35. Giant Jacksonville and Giant Oil are listed in the Schedule of the Additional Insured – Managers or Lessors of Premises endorsement.

36. Demand has been made on behalf of Giant Jacksonville and Giant Oil by those entities' own insurer to defend and indemnify them under the Mt. Hawley Policy as additional insureds in connection with the <u>Andrews</u> Action and other claims arising from the December 4, 2023 shooting incident. A true and correct copy of a July 30, 2024 letter from Federated Service

Insurance Company to North Expressway and Mt. Hawley is attached hereto as **Exhibit 7**.

37. There is no duty to defend or indemnify Giant Jacksonville under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

38. There is no duty to defend or indemnify Giant Jacksonville under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

39. There is no duty to defend or indemnify Giant Oil under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

40. There is no duty to defend or indemnify Giant Oil under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

41. The Mt. Hawley policy is subject to the Service of Suit and Conditions endorsement, which states, in part:

> **1.** This Policy is amended to add the following Conditions:
>
> > **AA. Jurisdiction and Venue.** In the event of any litigation involving any matter arising out of or related to this Policy, it is agreed that the "Insured" shall submit to the jurisdiction of New York state and New York federal courts, and shall comply with all the requirements necessary to give such courts

        jurisdiction. Any litigation initiated by any "Insured" against the Company shall be brought only in the state or federal courts of New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court in that state.

    **BB.**    **Choice of Law**. All matters arising from or relating to this Policy, including, without limitation, its procurement, formation and issuance and all matters related to the validity, interpretation, performance and enforcement of this Policy or any part of it shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

* * *

    **3.**    For purposes of this endorsement, the word "Insured" means you and any person or organization qualifying or claiming to qualify as such under **Section II – Who Is An Insured** and any person or organization qualifying or claiming to qualify as an additional insured.

    42.    Mt. Hawley filed this action pursuant to the Service of Suit and Conditions Endorsement for judgment declaring that under New York law, Mt. Hawley has no duty to defend or indemnify North Expressway, Giant Jacksonville, or Giant Oil in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the Mt. Hawley policy's Assault or Battery Exclusion – Scheduled and Abuse or Molestation Exclusion.

<u>**FIRST CAUSE OF ACTION**</u>

    43.    Mt. Hawley re-alleges paragraphs 1 through 42 above as if fully set forth herein.

    44.    There is no duty to defend or indemnify North Expressway under the Mt. Hawley

Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

45. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify North Expressway in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## SECOND CAUSE OF ACTION

46. Mt. Hawley re-alleges paragraphs 1 through 45 above as if fully set forth herein.

47. There is no duty to defend or indemnify North Expressway under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

48. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify North Expressway in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## THIRD CAUSE OF ACTION

49. Mt. Hawley re-alleges paragraphs 1 through 48 above as if fully set forth herein.

50. There is no duty to defend or indemnify Giant Jacksonville under the Mt. Hawley Policy in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

51. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify Giant Jacksonville in connection with the <u>Andrews</u> Action and the other claims arising

from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## FOURTH CAUSE OF ACTION

52. Mt. Hawley re-alleges paragraphs 1 through 51 above as if fully set forth herein.

53. There is no duty to defend or indemnify Giant Jacksonville under the Mt. Hawley Policy in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

54. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify Giant Jacksonville in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## FIFTH CAUSE OF ACTION

55. Mt. Hawley realleges paragraphs 1 through 54 above as if fully set forth herein.

56. There is no duty to defend or indemnify Giant Oil under the Mt. Hawley Policy in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Assault or Battery Exclusion – Scheduled.

57. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify Giant Oil in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## SIXTH CAUSE OF ACTION

58. Mt. Hawley realleges paragraphs 1 through 57 above as if fully set forth herein.

59. There is no duty to defend or indemnify Giant Oil under the Mt. Hawley Policy in connection with the Andrews Action and the other claims arising from the December 4, 2023

shooting incident, including the Wilson and Young claims, as the incident and any claims arising therefrom fall wholly within the policy's Abuse or Molestation Exclusion.

60. Mt. Hawley is entitled to judgment declaring that it has no duty to defend or indemnify Giant Oil in connection with the <u>Andrews</u> Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims.

## SEVENTH CAUSE OF ACTION

61. Mt. Hawley re-alleges paragraphs 1 through 60 above as if fully set forth herein.

62. The Mt. Hawley Policy is subject to the Defense and Tender of Limits Endorsement, which states, in part:

> The following is added to **SECTION I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1. Insuring Agreement**:
>
> \* \* \*
>
> g.  We shall have the right to examine and rely on information or documents extrinsic to the allegations in a pleading filed in a "suit" to determine our duty to defend any insured.
>
> h.  If we defend any insured but later determine that we have no duty to defend, we will have the right to reimbursement from that insured for all defense costs and expenses, including attorney's fees, we have incurred.
>
> i.  Any insured will bear its own costs and legal fees in connection with prosecuting any suit or counterclaim brought by any insured against us or defending any suit or counterclaim brought by us against any insured. We shall have no obligation to reimburse any insured for such fees or costs.

63. Mt. Hawley has and continues to incur costs for North Expressway's defense in connection with the <u>Andrews</u> Action.

64. In addition to judgment declaring that it has no obligation to defend or indemnify North Expressway under the Mt. Hawley Policy in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, Mt. Hawley is entitled to judgment against North Expressway for all costs incurred by Mt. Hawley for North Expressway's defense in the Andrews Action, and interest thereon.

**WHEREFORE** Mt. Hawley is entitled to and demands judgment: (1) declaring that it has no duty to defend or indemnify North Expressway in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims; (2) declaring that it has no duty to defend or indemnify Giant Jacksonville in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims; (3) declaring that it has no duty to defend or indemnify Giant Oil in connection with the Andrews Action and the other claims arising from the December 4, 2023 shooting incident, including the Wilson and Young claims; (4) against North Expressway for all costs incurred by Mt. Hawley for North Expressway's defense in the Andrews Action, and interest thereon; and (5) granting such other and further relief in Mt. Hawley's favor as the Court deems just and appropriate.

Dated:  May 16, 2025                    Respectfully submitted,


                                                               DELAHUNT LAW PLLC


                                                               By:    _____s/_____
                                                                    Timothy E. Delahunt
                                                                    Bar Roll No. TD-2791
                                                                    tdelahunt@delahuntpllc.com

                                             295 Main Street
                                             Suite 836
                                             Buffalo, New York 14203
                                             Tel.:  (716) 878-9178

                                             *Attorneys for plaintiff*
                                             *Mt. Hawley Insurance Company*