UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
MT. HAWLEY INSURANCE COMPANY,                                      :
                                                                   :
                                    Plaintiff,                     :
                                                                   :                25-CV-04142 (JAV)
              -v-                                                   :
                                                                   :                OPINION AND ORDER
NORTH EXPRESSWAY STATION, INC., et al.,                            :
                                                                   :
                                    Defendants.                    :
                                                                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

      Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley") brings the instant

action seeking, *inter alia*, a declaratory judgment that it has no duty to defend or

indemnify Defendants North Expressway Station Inc. ("North Expressway"), Giant

Jacksonville, LLC ("Giant Jacksonville"), or Giant Oil, Inc. ("Giant Oil")

(collectively, "Defendants") in an underlying Florida state court action ("the

Underlying Action") for claims arising out of a December 4, 2023 shooting incident

in Jacksonville, Florida ("Shooting Incident").  *See* ECF No. 1 ("Complaint" or

"Compl."), ¶¶ 1, 43-64.  Presently before the Court is a motion filed by Giant Oil and

Giant Jacksonville (the "Giant Defendants"), seeking to dismiss the action as to

Giant Oil under 12(b)(1) and to stay this case pending resolution of the Underlying

Action.  ECF No. 21 (the "Giant Defendants' Motion" or "Mot.") at 1.  For the

following reasons, the Giant Defendants' Motion is **GRANTED IN PART** and

**DENIED IN PART**.

## BACKGROUND

### A.    The Underlying Action

North Expressway operated a gas station and convenience store located at 814 Edgewood Avenue West, Jacksonville, Florida (the "Business Premises"). Compl., ¶¶ 1, 11.  Northway Expressway leased the Business Premises from Giant Jacksonville.  *Id.*, ¶ 12; *see* Mot. at 3.  Pursuant to the lease agreement, Giant Jacksonville required North Expressway to have certain insurance covering the Giant Defendants, including coverage for assault and battery occurring at the Business Premises.  Mot. at 3.

North Expressway procured an insurance policy from Mt. Hawley that included commercial general liability coverage, including bodily injury liability coverage subject to a $1 million per-occurrence limit, for the period of May 9, 2023, to May 29, 2024 (the "Mt. Hawley Policy").  Compl., ¶ 23.  The Mt. Hawley Policy also lists the Giant Defendants as additional insured organizations, *id.*, ¶¶ 34-35, but it is subject to multiple exclusions, including exclusions titled "Assault or Battery Exclusion" and "Abuse or Molestation Exclusion, *see id.*, ¶¶ 24-28.

On December 4, 2023, Bruce Wilson, Santoun Young, and Jarris Andrews were present on the Business Premises and were shot by unknown assailants.  *See* Compl., ¶¶ 1, 14-15.  Mr. Wilson died as a result of his injuries, and the personal representative of his estate asserted a claim against North Expressway seeking compensation for his injuries and death.  *Id.*, ¶¶ 16-17.

On October 7, 2024, Mr. Andrews filed the Underlying Action against North Expressway and the Giant Defendants, seeking damages for the injuries he suffered during the Shooting Incident. *See id.*, ¶ 18; ECF No. 1-3, ¶¶ 11-59. Mt. Hawley alleges that on July 30, 2024, "[d]emand [was] made on behalf of Giant Jacksonville and Giant Oil by those entities' own insurer to defend and indemnify them under the Mt. Hawley Policy as additional insureds in connection with the [Underlying] Action and other claims arising from the [Shooting Incident]." Compl., ¶ 36; *accord* ECF No. 1-8. Mt. Hawley also states that North Expressway and the Giant Defendants demanded that Mt. Hawley defend and indemnify them in connection with the Underlying Action. ECF No. 42 at 1. Despite Mt. Hawley's position that it was not obligated to defend or indemnify Defendants, Mt. Hawley nonetheless agreed to provide to provide a defense in the Underlying Action for North Expressway. *See id.*

On April 8, 2025, Mr. Andrews filed a notice that he was "dropping Defendant, Giant Oil, Inc., without prejudice, as a party to [the Underlying Action]." Plaintiff's Notice of Dropping Party, *Andrews v. North Expressway Station, Inc.*, No. 2024-CA-5527, Dkt. No. 100 (Fla. 4th Cir. Ct. Apr. 8, 2025). That same day, Mr. Andrews filed an Amended Complaint omitting all allegations against Giant Oil. *See generally* Amended Complaint, *Andrews*, No. 2024-CA-5527, Dkt. No. 101 (Fla. 4th Cir. Ct. Apr. 8, 2025).

On April 18, 2025, Giant Jacksonville filed cross-claims against North Expressway in the Underlying Action, including claims for contractual indemnification and common-law indemnification.  Compl., ¶ 22.

On February 16, 2026, Mr. Andrews filed a notice that a settlement had been reached as to his claims against all defendants in the Underlying Action.  Plaintiff's Notice of Settlement, *Andrews*, No. 2024-CA-5527, Dkt. No. 313 (Fla. 4th Cir. Ct. Feb. 16, 2026).  On February 17, 2026, the court in the Underlying Action issued a case management order directing the plaintiff to either dismiss the action within 60 days of February 17, 2026, or file a notice with the court explaining why the case has not been dismissed.  Case Management Order Following Notice of Settlement, *Andrews*, No. 2024-CA-5527, Dkt. No. 314 (Fla. 4th Cir. Ct. Feb. 17, 2026).  The court also warned that, if plaintiff's counsel fails to file the notice with the court explaining why the case has not been dismissed, then the court will dismiss the action without prejudice and without further notice to the plaintiff.  *Id.*

**B.     The Instant Action**

Mt. Hawley seeks (1) a declaratory judgment that it has no duty to defend or indemnify Defendants for claims, including those in the Underlying Action, arising out of the Shooting Incident, and (2) a judgment against North Expressway for all costs Mt. Hawley incurred in defending North Expressway in the Underlying Action, plus interest.  *See* Compl., ¶¶ 1, 43-64.  North Expressway filed Counter-Claims in its Answer to the Complaint.  ECF No. 20.

On July 14, 2025, the Giant Defendants filed their motion to dismiss and stay the action. They argue that the action should be dismissed as to Giant Oil, pursuant to Federal Rule of Civil Procedure 12(b)(1), because there is no actual case or controversy involving Giant Oil. Mot. at 4-6. The Giant Defendants further argue that the Court should stay this action pending resolution of the Underlying Action. *See id.* at 6-11. Finally, the Giant Defendants request that, if their motion to stay is denied, the Court grant them an extension of time to respond to the Complaint through ten days following that denial. *Id.* at 1 n.2.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). When evaluating a Rule 12(b)(1) motion to dismiss, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (citation omitted). Nonetheless, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* (citation omitted). "Moreover, a court 'may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [a court] may not rely on conclusory or hearsay statements contained in the affidavits.'" *Gertskis v. U.S. E.E.O.C.*, No. 11-CV-5830 (JMF), 2013 WL 1148924, at *4 (S.D.N.Y. Mar. 20, 2013) (quoting *J.S. ex rel. N.S. v. Attica Cent.*

5

*Schs.*, 386 F.3d 107, 110 (2d Cir. 2004)).  Ultimately, "[t]he plaintiff bears the

burden of proving subject matter jurisdiction by a preponderance of the evidence."

*Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

## DISCUSSION

### A.    Motion to Dismiss

"Article III of the Constitution limits the 'judicial Power of the United States'

to 'Cases' and 'Controversies.'"  *Admiral Ins. Co. v. Niagara Transformer Corp.*, 57

F.4th 85, 91 (2d Cir. 2023) (quoting U.S. Const. art. III, §§ 1-2).  "As a corollary,

federal courts may not decide abstract questions, or give opinions advising what the

law would be upon a hypothetical state of facts."  *Id.* at 91-92 (cleaned up).

"The [Declaratory Judgment Act ("DJA")] provides that '[i]n a case of actual

controversy within its jurisdiction, . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such

declaration, *whether or not further relief is or could be sought.*'"  *Id.* at 92 (quoting

28 U.S.C. § 2201(a) (emphasis added)).  "In other words, the DJA creates a means

by which rights and obligations may be adjudicated in cases involving an actual

controversy that has not reached the stage at which either party may seek a

coercive remedy."  *Id.* (cleaned up).  "The Supreme Court has explained that the

phrase 'case of actual controversy' in the DJA refers to the same type of 'Cases' and

'Controversies' that are justiciable under Article III."  *Id.* (quoting *MedImmune, Inc.*

*v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (cleaned up)).  Accordingly, "the DJA

does not *expand* the subject-matter jurisdiction of the federal courts."  *Id.* (emphasis

6

added) (cleaned up). "[R]ather, the relevant inquiry for the DJA's case-of-actual-controversy prerequisite is *coextensive*." *Id.* (cleaned up).

"The difference between an abstract question and a 'controversy' contemplated by the [DJA] is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Id.* (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). Still, "[l]ike any other action brought in federal court, a declaratory judgment is available to resolve a real question of conflicting legal interests." *Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir. 1992) (cleaned up). "That the liability may be contingent does not necessarily defeat jurisdiction of a declaratory judgment action." *Id.* "Rather, courts should focus on the practical likelihood that the contingencies will occur" where the contingencies are ones "that will determine whether a controversy ever actually becomes real." *Id.* (cleaned up).

"When applying the practical-likelihood standard in insurance coverage disputes, [courts] must account for the fact that an insurer's duty to defend is distinct from its duty to indemnify, and that insurance law applies very different presumptions to each." *Admiral Ins. Co.*, 57 F.4th at 93 (cleaned up). Accordingly, "district courts must distinguish between the duty to defend and the duty to indemnify in determining whether each issue posed in a declaratory-judgment action is ripe for adjudication." *Id.* (cleaned up).

"Because the duty to defend is triggered by the filing of a lawsuit while the duty to indemnify is triggered by a determination of liability, a district court's jurisdiction to declare an insurer's duty to defend and its duty to indemnify turn on different inquiries." *Id.* (cleaned up).  "With respect to the duty to defend, the district court must find a practical likelihood that a third party will *commence* litigation against the insured." *Id.*  "With respect to the duty to indemnify, the court must find a practical likelihood that the third party will *prevail* in such litigation." *Id.*  Accordingly, both inquiries require considering "the practical likelihood that the triggering event will occur." *Id.*

"Although it may be true that district courts in this Circuit generally *do* find that a practical likelihood exists in insurance declaratory-judgment actions where there is a separate, underlying third-party action against the insured already pending, that is a sufficient – rather than necessary – condition for finding jurisdiction to declare an insurer's duty to defend an insured." *Id.* at 95 (cleaned up).  "Indeed, . . . the mere threat of future litigation remains relevant in determining whether an actual controversy exists." *Id.* (cleaned up).  "[A]pplying that principle, [the Second Circuit has] routinely exercised subject-matter jurisdiction over insurers' declaratory-judgment actions that were filed – and decided by district courts – before the relevant third party had filed suit against the insured." *Id.*

Here, Mt. Hawley seeks a declaratory judgment regarding both its duty to defend and its duty to indemnify Defendants for claims arising out of the Shooting

8

Incident.  At issue, however, is only whether Mt. Hawley's claims are justiciable as to Giant Oil.  Accordingly, Mt. Hawley's "declaratory-judgment action concerning either duty becomes justiciable upon a practical likelihood that the [respective] duty will be triggered" with respect to Giant Oil.  *Id.* at 89 (cleaned up).

Strictly speaking, there is not a practical likelihood that a third party will, at the present time or in the future, commence litigation against Giant Oil in connection with claims arising out of the Shooting Incident.  Indeed, Giant Oil was dropped from the Underlying Action, and the plaintiff in that action has since reached a settlement as to his claims against all defendants in that matter.  Moreover, while Mr. Wilson's estate has asserted a claim against North Expressway seeking compensation for his injuries and death, Compl., ¶¶ 16-17, there is no evidence in the record that his estate has commenced related litigation against Giant Oil.  Furthermore, the applicable limitations period in Florida for conceivable claims arising out of the Shooting Incident, such as negligence and wrongful death, is two years.  *See* Fla. Stat. §§ 95.11(5)(a), (e) (2023).  Since the Shooting Incident occurred in December 2023, the relevant limitations period has passed.  So, there is not a practical likelihood that a third party will commence litigation against Giant Oil.

Nonetheless, Federated Service Insurance Company ("Federated") appears to have demanded that Mt. Hawley defend and indemnify Giant Oil for claims arising out of the Shooting Incident.  On July 30, 2024, Federated sent Mt. Hawley a demand letter stating, "Federated, on behalf of itself and Giant, reiterates its

demand to [North Expressway] and Mt. Hawley for a defense and indemnity to Giant for the claims arising out of the [Shooting] Incident." ECF No. 1-8 at 2. The letter, however, is ambiguous as to whether Federated is demanding that Mt. Hawley defend and indemnify both Giant Defendants or only Giant Jacksonville. On the one hand, the letter notes the insured as "Giant Oil Inc./Giant Jacksonville LLC." *Id.* at 1. On the other hand, the letter defines "Giant" as "Giant Jacksonville LLC." *Id.* Furthermore, Giant Oil failed to respond to Mt. Hawley's request to confirm or deny that Giant Oil is seeking reimbursement of defense costs in the Underlying Action. *Compare* ECF No 26 at 1 n.2, *with* ECF No. 28 at 1 n.1.

Given Giant Oil's apparent recalcitrance to clarify Federated's demand, the Court finds it more likely than not that Giant Oil is demanding reimbursement of defense costs from Mt. Hawley for claims arising out of the Shooting Incident. Since "the mere threat of future litigation [is] relevant in determining whether an actual controversy exists," *Admiral Ins. Co.*, 57 F.4th at 95, the Court finds that there is an actual controversy with respect to Mt. Hawley's claim regarding its duty to defend Giant Oil in the Underlying Action. As such, to the extent Mt. Hawley seeks a declaratory judgment regarding its duty to defend Giant Oil (and thereby reimburse any defense costs incurred with respect to the Underlying Action), Mt. Hawley's action is justiciable.

In contrast, Mt. Hawley's claim regarding its duty to *indemnify* Giant Oil is not justiciable. There is no practical likelihood that a third party will *prevail* in litigation against Giant Oil in connection with claims arising out of the Shooting

Incident.  Giant Oil has already been dropped from the Underlying Action, and the period to bring all other conceivable claims against Giant Oil arising out of the Shooting Incident has already passed.

**B.    Motion to Stay**

The Giant Defendants invoke the abstention doctrine to argue that the Court should exercise its discretion to stay the instant action pending resolution of the Underlying Action.  *See* Mot. at 6-11.  "The abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction."  *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012).

The Court, however, need not consider whether the abstention doctrine applies to the Giant Defendants' motion to stay because it is effectively moot.  The plaintiff in the Underlying Action has brokered a settlement as to his claims against all defendants in that action.  Accordingly, there is no longer a substantially related action that is actively being litigated.  Since only formal dismissal remains in the Underlying Action, the Court denies the Giant Defendants' motion to stay.

**CONCLUSION**

Accordingly, Giant Oil's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.  The Giant Defendants' motion to stay is **DENIED** as moot. The Giant Defendants are hereby **ORDERED** to respond to the Complaint within ten days of the date of this Order and Opinion.  The Clerk of Court is directed to

11

terminate ECF No. 21.

       SO ORDERED.

Dated:  March 6, 2026
          New York, New York

                                             JEANNETTE A. VARGAS
                                            United States District Judge