

110 SE 6th Street, Suite 2900
Fort Lauderdale, FL 33301
Office: 954.361.3633
Fax: 954.989.7781
shawlewenz.com

April 14, 2026

**VIA CM/ECF**

Honorable Magistrate Judge Sarah L. Cave
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Court is in receipt of the Giant Defendants' letter at Dkt. No. 73 requesting a discovery conference to discuss the parties' discovery disputes.  (Dkt. No. 73 (the "Request")).  Given that there is presently a telephone conference to discuss the status of discovery scheduled for **June 1, 2026 at 10:00 a.m. ET** (Dkt. No. 67 (the "Conference")), the Request is **GRANTED** to the extent that the Court will expect the parties to be prepared to discuss the settlement agreements at the Conference.
>
> The Clerk of Court is respectfully directed to close Dkt. No. 73.
>
> SO ORDERED.    April 15, 2026
>
> SARAH L. CAVE
> United States Magistrate Judge

> RE:    *Mt. Hawley Insurance Company v. North Expressway Station Inc., et al.*
>        Case No.: 25-CV-04142

Dear Judge Cave:

I am a member of the bar of this Court and represent Defendants Giant Oil, Inc. and Giant Jacksonville, LLC (collectively, the "Giant Defendants") in the above-captioned matter.  I write to respectfully request a discovery conference concerning the production of confidential settlement agreements responsive to written discovery served upon the Giant Defendants by Plaintiff Mt. Hawley Insurance Company ("Plaintiff").

Specifically, on March 6, 2026, Plaintiff served its First Request for Production of Documents directed to Giant Jacksonville, LLC and Giant Oil, Inc. (the "Request for Production").  A true and correct copy of the Request for Production is attached hereto as **Exhibit 1**.  Among other categories of documents, Plaintiff seeks "any and all settlement agreements resolving any claims or suits arising out of the December 4, 2023 shooting incident as against Giant Jacksonville."  Exh. 1 ¶ 10.

In response to this request, the Giant Defendants have identified multiple settlement agreements that are potentially responsive.   However, those agreements contain strict confidentiality provisions that expressly prohibit disclosure absent the consent of all contracting parties or an order compelling the same.  The Giant Defendants have made good-faith efforts to obtain the necessary consent but, to date, have not received authorization to produce all of the settlement agreements.  In light of these restrictions, the Giant Defendants are unable to produce certain documents without risking a breach of contractual obligations.

Given the impending production deadline, the Giant Defendants respectfully request a discovery conference to address these issues and to seek guidance from the Court.  Specifically, the Giant Defendants intend to request the entry of an appropriate protective order or other relief to govern the handling of the confidential agreement and to ensure that any production, if required, is made in a manner that preserves the confidentiality interests at stake.

Specifically, the Giant Defendants are seeking protection from Requests for Production Number 3, 4, 5, 8, 9, and 10.  In addition to the settlement agreements themselves, the Giant Defendants seek protection from disclosing settlement negotiation communications themselves.  Further, the underlying litigations largely took place in Florida, which has a strong mediation privilege contained at Section 44.405, Florida Statutes, and which makes communications covered by the mediation privilege non-discoverable.  Finally, the Giant Defendants are seeking protection from

Honorable Magistrate Judge Sarah L. Cave
April 6, 2026
Page 2

disclosing the entirety of its commercial general liability policy given the commercially sensitive nature of that policy and the fact that Plaintiff is a competitor with the company that issued the policy to the Giant Defendants.

I hereby certify that I attempted to confer with counsel for Plaintiff via teleconference on both April 2 and April 6 to see if agreement could be reached prior to submitting this Letter-Motion. Unable to reach Mr. Delahunt by phone, I attempted to confer with him by email at 10:50 a.m. on April 6.

Mr. Delahunt informed me that Plaintiff's position on the issues raised herein is as follows: Plaintiff believes that Plaintiff is entitled to all settlement agreements for which Giant Defendants are seeking indemnification and/or defense costs, but that counsel understands that such confidentiality provisions requiring a motion for protective order are sometimes standard provisions. At the end of our discussion, I informed Mr. Delahunt that the Giant Defendants believed the parties to be at an impasse and that the Giant Defendants would be requesting a discovery hearing with the Court.

The Giant Defendants raise this issue in good faith and not for purposes of delay, but rather to balance their discovery obligations with their contractual duties. We are available at the Court's convenience for a conference and appreciate the Court's consideration of this request.

Thank you for your consideration of this matter. Please do not hesitate to have a member of your Chambers staff contact me at 954-595-6075 or zludens@shawlewenz.com and mlomastro@shawlewenz.com should you have any questions or require additional information.

Respectfully submitted,

*/s/ Zachary D. Ludens*

Zachary D. Ludens
For the Firm

ZDL/LNP

cc:    Tim Delahunt, Esq. (via CM/ECF)
       James P. Blenk, Esq. (via CM/ECF)
       Jessica Mazariego (via CM/ECF)

[2844403/1]