UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MT. HAWLEY INSURANCE COMPANY,

Plaintiff,

-v-

NORTH EXPRESSWAY STATION, INC., et al.,

Defendants.

25-CV-04142 (JAV)

MEMORANDUM OPINION AND ORDER

JEANNETTE A. VARGAS, United States District Judge:

Plaintiff Mt. Hawley ("Mt. Hawley") brings the instant action seeking, *inter alia*, a declaratory judgment that it has no duty to defend or indemnify Defendants North Expressway Station Inc. ("North Expressway"), Giant Jacksonville, LLC ("Giant Jacksonville"), or Giant Oil, Inc. ("Giant Oil") (collectively, "Defendants") for claims arising out of a December 4, 2023 shooting incident in Jacksonville, Florida ("Shooting Incident"). *See* ECF No. 1 ("Complaint" or "Compl."), ¶¶ 1, 43-64. Presently before the Court is Mt. Hawley's motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. This motion is denied without prejudice to renewal, as the motion was filed prematurely.

**DISCUSSION**

At the time that Plaintiff filed its Rule 12(c) motion, on November 19, 2025, North Expressway had answered the Complaint (ECF No. 27), while Giant Oil and Giant Jacksonville had a motion to dismiss for lack of subject matter jurisdiction pending (ECF No. 21). The Court subsequently granted in part and denied in part

the Giant Defendants' motion to dismiss, holding that Mt. Hawley's claim regarding its duty to defend the Giant Defendants was justiciable, while the Court lacked jurisdiction to adjudicate the claim regarding its duty to indemnify. *See* ECF No. 68. The motion for judgment on the pleadings was fully submitted on January 23, 2026. Giant Oil and Giant Jacksonville subsequently filed an answer to the Complaint on March 16, 2026. ECF No. 71.

On September 23, 2026, Mt. Hawley voluntarily discontinued its action against North Expressway pursuant to Rule 41(a)(1)(A)(i). Thus, the pending Rule 12(c) motion is now moot with respect to North Expressway. Moreover, the Giant Defendants did not substantively respond to the motion for judgment on the pleadings, but instead objected on the grounds that the pleadings had not closed with respect to them at the time the motion was filed. ECF No. 60.

Pursuant to Rule 12(c), a motion for judgment on the pleadings can be filed only "after the pleadings are closed." When a motion to dismiss pursuant to Rule 12(b) is pending, and a party's answer is not yet due as a result, the pleadings are not closed. *See, e.g.*, *Sherman v. City of New York*, No. 18-CV-5359 (ARR) (SJB), 2019 WL 2164081, at *2 (E.D.N.Y. May 16, 2019). "Because the pleadings are not closed in this case, the motion for judgment on the pleadings is denied as premature." *Niederland v. Chase*, No. 11-CV-6538, 2012 WL 2402603, at *5 (S.D.N.Y. June 26, 2012) (cleaned up).

## CONCLUSION

The parties are directed to file a joint letter by October 9, 2026, setting forth their respective proposals as to next steps in this case. Should Mt. Hawley seek to file a renewed motion for judgment on the pleadings, the parties should set forth a proposed briefing schedule for such motion in their submission.

The Clerk of Court is directed to terminate ECF No. 41.

SO ORDERED.

Dated: September 28, 2026
New York, New York

JEANNETTE A. VARGAS
United States District Judge