UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MT. HAWLEY INSURANCE COMPANY, Case No: 1:25-cv-04142-JAV-SLC

Plaintiff,

v.

NORTH EXPRESSWAY STATION, INC.,
GIANT JACKSONVILLE, LLC, and
GIANT OIL, INC.,

Defendants.
_______________________________________/

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Mt. Hawley Insurance Company ("**Plaintiff**") and Defendants North Expressway Station, Inc.; Giant Jacksonville, LLC; and Giant Oil, Inc. (collectively, "**Defendants**") (together with Plaintiff, the **"Parties"**), by and through their undersigned counsel of record, hereby submit this Stipulated Confidentiality Agreement and Protective Order (**"Protective Order"**) for approval by the Court, and the Parties agree to be bound by its terms, unless expressly stated herein before the Court adopts this Protective Order or a modified version of the same. The Parties agree as follows:

**1.** **Scope.** This Protective Order applies to all documents, electronically stored information (**"ESI"**), testimony, or other information produced in the course of discovery in this action that the producing person or entity (the **"Producing Party"**) designates as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" pursuant to this Protective Order, including all initial disclosures, responses to discovery requests, deposition testimony and exhibits, and materials produced by non-parties in response to subpoenas issued in connection with this matter, including all copies, excerpts, and summaries thereof (collectively,

"**Protected Material**"). This Protective Order does not apply retroactively to materials already filed on the public docket in this action as of the date of execution.

**2. Purpose.** The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential, proprietary, and commercially sensitive information during the course of this litigation. The Parties recognize that discovery in this action may require the production of sensitive financial records, internal business communications, and proprietary information of the Parties and non-parties.

**3. Designation of Confidential Material**

(a) **Two Tiers of Protection.** Protected Material shall be designated at one of two levels:

i. **"CONFIDENTIAL"** – for information that the Producing Party asserts in good faith is protected from public disclosure by statute or common law, including trade secrets, proprietary business information, financial records, personnel records, and other sensitive commercial or personal information that is not publicly available.

ii. **"CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("AEO")** - for information that the Producing Party asserts in good faith constitutes highly sensitive financial, commercial, or proprietary information, the disclosure of which to persons other than outside counsel and their litigation support staff would create a substantial risk of competitive or personal harm or disclosure of information for which third parties may have a confidentiality interest. This designation is appropriate for, but not limited to, personal bank account records, tax returns, personal financial statements, entity-level financial statements, internal accounting records, and proprietary transaction documents.

(b) **Good Faith Requirement.** A Party shall not designate materials as CONFIDENTIAL or AEO unless the Party has a good-faith belief that the designation is warranted. Information that is publicly available shall not be designated at either level.

**4. Designation Procedures.**

(a) **Documents and Written Materials.** The Producing Party shall designate any document or written material by marking each page with a stamp identifying it as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as applicable. Materials shall be designated prior to or at the time of production. Subject to the last sentence of paragraph 1. herein, the Parties may also retroactively designate materials produced in discovery in this action prior to entry of this Protective Order.

(b) **Electronically Stored Information.** If a production includes ESI, the Producing Party shall make reasonable efforts to include the applicable designation within the electronic files. If that is not practicable, the Producing Party shall designate in a transmittal letter or email to the Receiving Party, using a reasonable identifier such as a Bates range, any portions of the ESI that are designated CONFIDENTIAL or AEO.

(c) **Deposition Testimony.** Deposition testimony will be deemed Protected Material only if designated as such on the record when the deposition is taken or within twenty-one (21) days after receipt of the deposition transcript. Such designation must specify the portions of the transcript and any exhibits to be protected and must identify the applicable tier.

**5. Limitation of Use.**

(a) **Sole Use in This Action.** All Protected Material, including all information derived therefrom, shall be used by the Receiving Party solely for purposes of prosecuting or defending this action. The Receiving Party shall not use or disclose Protected Material for any other purpose, including any business, commercial, or competitive purpose.

(b) **No Use in Other Proceedings.** For the avoidance of doubt, Protected Material produced in this action shall not be used, disclosed, referenced, or relied upon in any other pending or future litigation, arbitration, regulatory proceeding, or administrative matter involving any Party, any Impleaded Defendant, or any entity or individual affiliated with, related to, or sharing counsel with any Party or Impleaded Defendant, without prior written consent of the Producing Party or an order of this Court. This restriction applies regardless of whether the Protected Material is independently relevant to such other proceeding. A party seeking to use Protected Material in another proceeding must obtain the Producing Party's written consent or, failing that, seek leave of this Court upon no fewer than fourteen (14) days' written notice to the Producing Party. If this Court no longer retains jurisdiction at the time of the intended disclosure, the Parties agree that the court or administrative body in such other matter may determine the issue of the intended disclosure.

(c) **Counsel's Obligation.** Counsel for any Party who also represents clients in any related or parallel proceeding involving any Party or Impleaded Defendant shall maintain appropriate internal procedures to ensure that Protected Material produced in this action is not commingled with, disclosed in, or used in connection with any such other proceeding. Nothing in this Protective Order relieves counsel of their independent ethical obligations regarding conflicts of interest and confidentiality.

**6. Persons to Whom Confidential Information May Be Disclosed.**

(a) **CONFIDENTIAL Material.** Material designated CONFIDENTIAL may be disclosed only to:

i. Outside counsel of record for the Parties and Impleaded Defendants, and the administrative and litigation support staff of such counsel's firms;

ii. In-house counsel for any entity Party, but only to the extent necessary to further the interests of the Party in this litigation;

iii. Any individual who is a Party or Impleaded Defendant in this action;

iv. As to any Party or Impleaded Defendant that is an entity, employees, directors, officers, or managers of that entity, but only to the extent necessary to further the interests of the entity in this litigation;

v. Independent consultants or expert witnesses retained by a Party or its attorneys for purposes of this litigation, provided such persons execute the Acknowledgment attached as Exhibit **A** before receiving any Protected Material;

vi. The Court and its personnel, including court reporters;

vii. The authors and original recipients of the documents;

viii. Any court reporter or videographer reporting a deposition;

ix. Employees of copy services, database services, trial support firms, and translators engaged by the Parties in connection with this litigation;

x. Witnesses, deponents, or other persons where counsel determines in good faith the individual should be provided access to further the prosecution or defense of this action, provided the individual is informed of the confidential nature of the material and the terms of this Protective Order; and

xi. Any other person agreed to in writing by the Parties.

(b) **CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.** Material designated AEO may be disclosed only to persons identified in subsections 6(a)(i), (ii), (iv), (v), (vi), (viii), and (ix) above. AEO Material shall not be disclosed to any other person or entity (including those

persons identified in subsections 6(a)(iii), , (vii), (x), or (xi)), without prior written consent of the Producing Party or an order of this Court.

(c) **Exclusion.** Notwithstanding any provision of this Protective Order, Protected Material shall not be disclosed to any individual or entity that is not a Party to this action and is adverse to the Producing Party in any other pending litigation, arbitration, or proceeding, unless the Producing Party consents in writing or the Court orders otherwise.

**7. Non-Party Discovery**

(a) **Non-Party Designations.** Any non-party who produces documents or information in response to a subpoena in this action may designate such materials as CONFIDENTIAL or AEO by notifying the requesting Party in writing. Such designation must be made at or before the time of production so long as the requesting Party gives prior notice to the non-party of the option to designate materials as CONFIDENTIAL or AEO. Non-party designations shall be treated in the same manner as Party designations under this Protective Order. The Parties also retain the right to designate materials produced by a non-party as CONFIDENTIAL OR AEO pursuant to this Protective Order as if the materials were produced by a Party.

**8. Inadvertent Production and Privilege Protection.** Inadvertent production of any privileged or protected document shall not constitute a waiver of any applicable privilege or protection. Pursuant to Federal Rule of Evidence 502(d) and (e), the Parties agree as follows:

(a) The production of documents or ESI subject to a legally recognized claim of privilege or other protection from disclosure (**"Privileged Information"**), including the attorney-client privilege and work-product doctrine, shall not constitute a voluntary disclosure of such Privileged Information.

(b) The production of Privileged Information shall not result in any waiver of privilege or protection as to the Receiving Party or any third parties.

(c) If a Receiving Party discovers Privileged Information, it shall promptly notify the Producing Party in writing, identify the Privileged Information by Bates number, and sequester such information until the Producing Party confirms whether it asserts privilege.

(d) If the Producing Party asserts privilege, the Receiving Party shall return, sequester, or destroy all copies of such Privileged Information within ten (10) business days of receiving the assertion.

(e) The return or destruction of Privileged Information shall not preclude the Receiving Party from challenging the privilege claim, but the Receiving Party is estopped from arguing that the production constituted a waiver.

**9. Filing Materials with the Court.** Any Party intending to file Protected Material must follow the procedures set forth in, as applicable, paragraph I.F of the Individual Practices in Civil Cases – Magistrate Sarah L. Cave or paragraph 10 of the Individual Rules and Practices in Civil Cases, Honorable Jeanette A. Vargas, United States District Court Judge (or the equivalent procedures should those documents be amended or superseded at any time or the action is reassigned to a new Magistrate Judge and/or District Court Judge). This is the sole obligation of the Parties with respect to any purportedly confidential material filed with the Court, and, in the event that the Court denies a motion to seal, the filing party is permitted to file the documents on the public docket.

**10. Disputes as to Designation.**

(a) **Meet and Confer.** Each Party has the right to dispute the designation claimed by any other Party. If a Party believes that any materials have been inappropriately designated, that Party shall confer with counsel, and if the dispute is not resolved, the Party claiming designation shall initiate the proceedings set forth in paragraph 9 above.

**11.** **Public Hearings and Trial.** All trials and certain pretrial proceedings are open to the public. Absent further agreement or Court order, there will be no restrictions on any Party's ability to use Protected Material during a public hearing. If a Party intends to present Protected Material at a public hearing, that Party shall provide advance notice to the designating Party at least five (5) days before the hearing by identifying the documents or information as specifically as possible.

**12.** **No Voluntary Disclosure to Third Parties.** The Parties shall not voluntarily disclose any Protected Material to any third party, including law enforcement or regulatory agencies, except as set forth in this Protective Order or as required by law. If a Party is compelled to produce Protected Material in another proceeding by subpoena, court order, or regulatory demand, that Party shall provide reasonable advance notice to the designating Party (no fewer than ten (10) business days unless such notice is foreclosed by the timing of the subpoena, court order, regulatory demand, *etc.*) to allow the designating Party to seek protective measures.

**13.** **Information Security.** Any person in possession of Protected Material shall maintain reasonable administrative, technical, and physical safeguards to protect the security and confidentiality of such information. In the event of a security breach involving Protected Material, the Receiving Party shall promptly notify the Producing Party and take reasonable steps to remediate the breach.

**14.** **No Waiver of Objections.** This Protective Order does not limit any Party's right to object to the scope of discovery, nor does it constitute a determination of the admissibility of any document or a waiver of any objections thereto.

**15.** **No Admissions.** Designation or failure to designate materials as CONFIDENTIAL or AEO shall not constitute an admission that such materials are or are not confidential or trade secrets.

**16.** **Modification.** This Protective Order may be modified by written consent of the Parties subject to any restrictions, review, or orders of the Court with respect to modification on consent. Either Party may also seek modification from the Court upon motion or other application after first seeking consent unless seeking consent is reasonably impracticable.

**17.** **Return of Materials Upon Termination.** Upon written request of the Producing Party, within thirty (30) days after the entry of a final judgment no longer subject to appeal or the execution of a settlement agreement, the Parties shall return or destroy all Protected Material, except that outside counsel may retain one archival copy in secure storage for purposes of professional responsibility compliance. The Party returning or destroying materials shall certify compliance in writing.

**18.** **Survival.** The obligations set forth in this Protective Order shall survive the termination of this litigation.

AGREED AND RESPECTFULLY SUBMITTED BY:

Dated: September 28, 2026

SO ORDERED. September 29, 2026

SARAH L. CAVE
United States Magistrate Judge

**SHAW LEWENZ**
110 Southeast 6th Street, Suite 2900
Fort Lauderdale, Florida 33301
Telephone: (954) 989-7781
Facsimile: (954) 989-7781
Primary Email: zludens@shawlewenz.com;
jshaw@shawlewenz.com
Secondary Email:
mlomastro@shawlewenz.com
lgreagly@shawlewenz.com

By: */s Zachary D. Ludens*
ZACHARY D. LUDENS
Reg. No. 5915624
JORDAN A. SHAW (admitted pro hac vice)

**JIMERSON BIRR, P.A.**
Jessica S. Mazariego (admitted pro hac vice)
701 Riverside Park Pl.
Jacksonville, FL 32204
Telephone: (904) 389-0050
Facsimile: (904) 212-1269
Primary Email:
jmazariego@jimersonfirm.com
Secondary Email:
dorothyo@jimersonfirm.com

***Attorneys for Giant Jacksonville, LLC and Giant Oil, Inc.***

**DELAHUNT LAW PLLC**
By: */s/ Timothy E. Delahunt*
Timothy E. Delahunt
Bar Roll No. TD-2791
*tdelahunt@delahuntpllc.com*
295 Main Street
Suite 836
Buffalo, New York 14203
Tel.: (716) 878-9178

***Attorneys for Mt. Hawley Insurance Company***

## <u>EXHIBIT A TO STIPULATED PROTECTIVE ORDER</u>

## ACKNOWLEDGMENT

I, ________________________________, hereby represent that I have been advised of the existence and the contents of the Stipulated Protective Order entered in the action styled *Mt. Hawley Insurance Company v. North Expressway Station, Inc., et al.*, Case No. 1:25-cv-04142-JAV-SLC, in the United States District Court for the Southern District of New York (the **"<u>Litigation</u>"**).

I further represent that I understand the terms and obligations of the Stipulated Protective Order and voluntarily agree to comply with and be bound by its terms and conditions.

My signature below confirms that the Receiving Party has not provided me with any access to information designated by the Producing Party as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" before signing this Acknowledgment, other than that already-produced information that has been deemed produced for purposes of the above-captioned case. I hereby tender the original version of this Acknowledgment to counsel for the Receiving Party, who shall maintain the same throughout the course of this Litigation.

I further acknowledge and understand that copies of this Acknowledgment may be produced to the Court and the Producing Party upon request if there are specific questions about potential violations of or compliance with the Stipulated Protective Order or this Acknowledgment.

Date: ________________, 20___

Signature:

____________________________________
Print Name and Title, if any:

____________________________________

____________________________________